## OSNOVITZ v. UNITED STATES et al.

### No. 10913.

United States Court of Appeals Third Circuit.

Argued May 5, 1953.

Decided May 28, 1953.

Charles Lakatos, Philadelphia, Pa. (Joseph Weiner, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellant.

Mark D. Alspach, Philadelphia, Pa. (Joseph G. Hildenberger, U. S. Atty., Philadelphia, Pa., Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellee, American Pac. S.S. Co.

J. Webster Jones, Philadelphia, Pa., for appellee Maritime Ship Cleaning & Maintenance Co. Inc.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This is an action for personal injuries brought by a longshoreman. The alleged injuries occurred while the appellant, Joseph Osnovitz, was engaged in loading ship stores on board a vessel called the "Shawnee Trail" on October 1, 1948. The libel is brought against the United States by virtue of the Public Vessels Act, 46 U.S.C.A. §§ 781–799.

The "Shawnee Trail" was a tanker. On the date in question a crew of longshoremen employed by Maritime Ship Cleaning and Maintenance Co., Inc., was loading the stores on the vessel. The articles were landed in a net at the forward deck and brought aft by Maritime's employees under the direction of the stevedore foreman. Once inside the icebox they were stowed by the stevedores at the direction of a member of the ship's galley department. Work was started about 5:00 P.M. Shortly thereafter, at the request of Maritime's foreman, the ship's mate caused the lights to be

turned on. The lights were on the ship's catwalk and there was also a light in the after housing. The accident of which Osnovitz complains occurred about 10:00 o'clock when he caught his foot in a padeye which was welded to the deck of the vessel forward of the after housing. He fell to the deck. A padeye is an inverted "u" shaped fitting used to shackle gear to the deck. The trial judge decided the case against Osnovitz with findings of fact, conclusions of law and an opinion. D.C.E.D. Pa.1951, 103 F.Supp. 238.

There are two grounds on which an action of the sort brought here may be maintained. One is for lack of seaworthiness. Seas Shipping Company v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. Liability on this ground was denied by the district court and abandoned on this appeal.

The other possibility is negligence. The law on this phase of liability was discussed with care and in detail in Brabazon v. Belships Co., Ltd., 3 Cir., 1953, 202 F.2d 904, 906. The court there pointed out that the duty of shipowners "in any case to provide a safe place to work, * * * is not absolute" but is a requirement of reasonable care under the circumstances. It was said that whether such care had been exercised "is a matter of appraisal of particular facts and their impact upon reasonable behavior" and that the rule "permits different conclusions as to liability on the basis of relatively small factual differences."

A repetition of the analysis of the problem made in the Brabazon case would only say what was there said in different words and by using different words could well raise questions whether we were modifying or backing away from what was said and decided in that case. That we do not propose to do; we think what was said in Brabazon was correct.

The district judge found in this case that there was no negligence. With that finding we agree. The padeye was not a defect in the ship; it was an ordinary fixture. It is true as found by the trial court that the place at which the padeye was located was not well lighted. But the ship's officer had supplied lights for the catwalk and after

housing. The place where stores were brought to the vessel and the manner in which they were carried in relays to the icebox was a matter which was solely under the direction of Maritime's foreman. The ship's crew had nothing to do with it until the goods reached the icebox. We see no failure to exercise reasonable care on the part of those responsible for the ship. Furthermore, the trial judge found, after careful examination of medical testimony, that the complaint from which the libellant claimed to be suffering, "hallux rigidus," was not caused by his tripping on the padeye and falling on the deck. We see no reason for disagreeing with this finding.

The judgment of the district court will be affirmed.